■ The People of the State of New York, Respondent, v Kevin Newland, Appellant. [751 NYS2d 848] —Judgment, Supreme Court, New York County (Renee White, J.), rendered June 15, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. In any event, even if defendant's testimony were to be fully credited, it would negate an agency defense because defendant admitted that his sole motive for arranging the transaction was to obtain a benefit for himself, consisting of half of the drugs purchased, and that he demanded such a benefit before agreeing to arrange the transaction. "The defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a 'favor,' possibly rewarded by a tip or incidental benefit" (*People v Elvy*, 277 AD2d 80, 80, *lv denied* 96 NY2d 783, citing *People v Lam Lek Chong*, 45 NY2d 64, 75-76).

Although defendant requested the court to deliver the agency

charge contained in the Criminal Jury Instructions, when the court declined to do so and instead delivered a somewhat different agency charge, defendant "did not specify why the charge as given was inadequate. Thus, while there was preservation as to the court's refusal to charge in accordance with defendant's request, there was no preservation with respect to error in the [agency] charge as given." (*People v Hoke*, 62 NY2d 1022, 1023.) In any event, the charge instructed the jury on the appropriate legal principles (*see People v Job*, 87 NY2d 956). Given the facts adduced at trial, including defendant's testimony, the court's charge provided the jury with adequate guidance concerning the significance of a benefit received by a defendant who has raised an agency defense (*see People v Lam Lek Chong, supra*). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.