■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIFFIN, Appellant. [808 NYS2d 163]—

Judgment, Supreme Court, New York County (Marcy L. Kahn,

J.), rendered April 7, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari,* 176 NY 84, 94 [1903]).

Defendant took no exception to the court's charge on the agency defense, and he neither called the court's attention to his claim that the charge failed to satisfy the concerns he raised at a precharge conference nor argued that it shifted the burden of proof. Accordingly, his present arguments are unpreserved (*see People v Hoke,* 62 NY2d 1022 [1984]; *People v Whalen,* 59 NY2d 273, 280 [1983]; *People v Newland,* 300 AD2d 199, 200 [2002], *lv denied* 99 NY2d 631 [2003]), and we decline to review them in the interest of justice. Were we to review these claims, we would find both that the court's agency charge did not misstate the law and that it correctly instructed the jury on the applicable burden of proof (*see People v Saunders,* 64 NY2d 665 [1984]). Indeed, on both the People's and the defendant's theory of the case, a charge on the agency defense was not warranted, and thus defendant received a benefit to which he was not entitled. On defendant's theory of the case, he did not sell the bag of crack cocaine to the undercover officer. Rather, he contended that it was taken from him without his consent and that he then agreed to purchase more crack cocaine for the undercover officers with the money he had been given. Defendant, of course, was not charged with any sale or attempted sale on the basis of his version of the events. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.