■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON BROWN, Appellant. [859 NYS2d 136]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered October 2, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees and four counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 17 years to life, unanimously affirmed.

Over the course of a month, an undercover officer, posing as a member of organized crime who was looking to acquire drugs in order to serve patrons of clubs he ostensibly owned, made several purchases of heroin and cocaine from defendant. The undercover officer indicated that he wanted to continue doing business with defendant. He also generally alluded to "replacing" a person who posed as his employee (but was actually a confidential informant), who supposedly performed general but unelaborated responsibilities for $1,500 per week. Defendant eventually was accompanied by a codefendant, from whom he appeared to acquire the drugs. In support of his agency defense, defendant testified that the codefendant was the actual seller, and that defendant himself neither sought nor received compensation for the sales in which he participated. Rather, he testified that his participation was motivated solely by his hope that the buyer would hire him to replace his ostensible employee.

The sole preserved challenge to the court's agency charge was to the court's inclusion, within a list of factors possibly bearing on the agency defense, of language calling upon the jury to consider whether defendant "expected" a benefit. Defendant argues that the court should have omitted this language because the only evidence of such an expectation was his hope of being hired by the buyer. He argues, among other things, that a hope that was not directly related to the drug transactions or communicated to the buyer was not a basis upon which to reject his defense. However, receipt of any substantial benefit, as opposed to a "tip" or other incidental benefit, is inconsistent with the agency defense (see People v Lam Lek Chong, 45 NY2d 64, 74-75 [1978], cert denied 439 US 935 [1978]). Defendant testified that his hope of receiving a lucrative job from a person he believed to be an organized crime figure was, in defendant's mind, a serious expectation that motivated his involvement in the drug sales. Although the expected benefit was not part of the proceeds of the transactions, it was still inconsistent with the agency defense, whose purpose is to limit the liability of a person who

helps another person obtain drugs primarily as "a favor for a friend" (*id.* at 74), rather than for economic reasons.

Defendant did not preserve any of his other challenges to the court's agency charge (*see People v Hoke*, 62 NY2d 1022 [1984]; *People v Whalen*, 59 NY2d 273, 280 [1983]; *People v Newland*, 300 AD2d 199, 200 [2002], *lv denied* 99 NY2d 631 [2003]), or any of his prosecutorial misconduct claims, and we decline to review any of these arguments in the interest of justice. As an alternative holding, we find no basis for reversal. To the extent the prosecutor improperly bolstered a witness's testimony and neglected to make a certain redaction from an audiotape, those errors were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.