(March 12, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REED, Appellant. [874 NYS2d 470]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 2, 2006, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

After sufficient inquiry (*see People v Frederick*, 45 NY2d 520 [1978]), the court properly denied defendant's motion to

withdraw his guilty plea. The record establishes that the plea was voluntary (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]), and that defendant's attacks on his counsel's representation were without merit (*see People v Ford*, 86 NY2d 397, 404 [1995]). "[T]he court had no reason to believe that the allegedly coercive conduct amounted to anything more than sound advice to accept the favorable plea offer." (*People v Torrence*, 7 AD3d 444 [2004], *lv denied* 3 NY3d 682 [2004].) Accordingly, there was no conflict of interest and no reason to assign new counsel for the plea withdrawal application. Defendant's assertion that medication affected his ability to understand the plea proceedings was unsupported by any evidence, as well as contradicted by the plea allocution record.

The imposition of mandatory surcharges and fees by way of court documents, but without mention in the court's oral pronouncement of sentence, was lawful (*People v Guerrero*, 12 NY3d 45 [2009]). Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ.