■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN CHAN, Appellant. [881 NYS2d 359]—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered on or about September 19, 2007, unanimously affirmed. No opinion. Order filed. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANDERS, JR., Appellant. [880 NYS2d 472]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 13, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The court's main and supplemental charges on the agency defense sufficiently conveyed the appropriate principles. The court properly instructed the jury to consider all the relevant factors, and any emphasis on the principle that a person who arranges a drug transaction primarily for his or her own benefit is not an agent (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *People v Brown*, 52 AD3d 204 [2008], *lv denied* 11 NY3d 786 [2008]; *People v Sanchez*, 35 AD3d 161 [2006], *lv denied* 8 NY3d 949 [2007]) was prompted by defendant's own testimony revealing that he made the equivalent of a 50% commission on the transaction, as well as by the jury's request for reinstruction on this factor.

The surcharges and fees were properly imposed (*see People v Guerrero*, 12 NY3d 45 [2009]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.