The People of the State of New York, Respondent,
against
Brian Andrews, Appellant.




Scott M. Bishop, for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of Counsel), for respondent.
 

Appeal from a judgment of the City Court of Yonkers, Westchester County (Edward J. Gaffney J., at plea; Evan Inlaw, J., at sentence), rendered October 18, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, defendant was charged with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant pleaded guilty to one count of criminal possession of a controlled substance in the seventh degree in satisfaction of both charges. In the course of the plea proceedings, defendant executed a general waiver of rights form, which included a waiver of the right to appeal, and he also orally waived his right to appeal. The court imposed a sentence of nine months in jail and, among other things, a $50 DNA databank fee.
Since neither the City Court, nor defendant's counsel, nor the misdemeanor conviction waiver of rights form adequately explained to defendant the nature of the right to appeal, i.e., that it is separate and distinct from the rights automatically forfeited upon a plea of guilty, which explanation is required to render the purported waiver of the right to appeal valid (see People v [*2]Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Seaberg, 74 NY2d 1, 11 [1989]; People v Van Clief, 122 AD3d 1062 [2014]; People v Brown, 122 AD3d 133 [2014]; People v Rodriguez, 58 Misc 3d 149[A], 2018 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), the waiver of the right to appeal is not enforceable.
On appeal, defendant contends that the court should not have imposed a $50 DNA databank fee (see Penal Law § 60.35). Although the DNA databank fee was imposed at the sentencing proceeding, section 60.35 (1) of the Penal Law makes clear that this assessment is levied "in addition to," not "as a part of" a defendant's sentence (see People v Guerrero, 12 NY3d 45, 48 [2009] [internal quotation marks omitted]). Here, defendant's claim regarding the DNA databank fee imposed by the court is unpreserved and does not fall within the narrow "illegal sentence" exception to the preservation rule (see People v Nieves, 2 NY3d 310, 315 [2004]; People v Flores, 30 Misc 3d 135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; cf. People v Samms, 95 NY2d 52, 56 [2000]; People v Wade, 138 AD3d 769 [2016]). Moreover, we decline to exercise our interest of justice jurisdiction to reach this issue.
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2018