People v Delarosa (2025 NY Slip Op 51968(U))

[*1]

People v Delarosa (Karol)

2025 NY Slip Op 51968(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2022-787 Q CR

The People of the State of New York, Respondent,
against
Karol Delarosa, Appellant. 

Appellate Advocates (Anna Jouravleva of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Edwin I. Novillo, J.), rendered May 24, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal mischief in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of the mandatory surcharge and fees; as so modified, the judgment of conviction is affirmed.
While not part of a judgment of conviction (see generally People v Guerrero, 12 NY3d 45, 48-49 [2009]), mandatory surcharges and fees are reviewable upon an appeal from a judgment of conviction (see People v Torres, 73 Misc 3d 136[A], 2021 NY Slip Op 51073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; see generally People v Islam, 233 AD3d 798 [2024]) and, here, the sole issue on appeal is a request for this court to waive the mandatory surcharge and fees imposed upon defendant at sentencing. The People oppose the waiver.
Where the person who committed the charged offense, or offenses, was less than 21 years old at the time of the offending conduct, CPL 420.35 (2-a) permits the waiver of mandatory surcharges and various fees upon certain grounds. Here, defendant was less than 21 years old at the time she committed the subject offense. Under the circumstances presented, including defendant's financial situation, we waive the mandatory surcharge and fees imposed upon defendant (see CPL 420.35 [2-a] [a], [c]; People v Jean-Jacques, 236 AD3d 1055, 1058 [2025]; People v Medrano, 86 Misc 3d 133[A], 2025 NY Slip Op 51148[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; People v Abraham, 75 Misc 3d 141[A], 2022 NY Slip Op 50600[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the judgment of conviction is modified by vacating the imposition of the mandatory surcharge and fees.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025