People v Hawkey (2026 NY Slip Op 00718)

People v Hawkey

2026 NY Slip Op 00718

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

916 KA 23-02008

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vROBERT A. HAWKEY, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 13, 2023. The judgment convicted defendant upon his plea of guilty of disseminating indecent material to minors in the first degree as a sexually motivated felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of disseminating indecent material to minors in the first degree as a sexually motivated felony (Penal Law §§ 130.91, former 235.22), defendant contends that the supplemental sex offender victim fee should be vacated, for two reasons. First, defendant contends that the fee should not have been imposed inasmuch as he was convicted of an offense contained in article 235 of the Penal Law (see § 60.35 [1] [b]). Second, defendant contends that the fee should be vacated inasmuch as County Court failed to pronounce its imposition at sentencing. Assuming, arguendo, that preservation is not required under the circumstances of this case (cf. People v Guerrero, 45 AD3d 313, 313 [1st Dept 2007], affd 12 NY3d 45 [2009]; see generally People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Carrington, 238 AD3d 893, 894 [2d Dept 2025]), we conclude that defendant's contentions lack merit. Here, defendant's conviction results from an offense contained in article 130 of the Penal Law, and thus the supplemental sex offender victim fee is mandated pursuant to Penal Law § 60.35 (1) (b) (see generally People v Adames, 227 AD3d 483, 483 [1st Dept 2024], lv denied 42 NY3d 969 [2024]; People v Bradshaw, 210 AD3d 44, 47-48 [2d Dept 2022], lv denied 39 NY3d 1153 [2023], reconsideration denied 40 NY3d 996 [2023]). Moreover, inasmuch as the supplemental sex offender victim fee is not part of the sentence, the court was not required to "pronounce [it] in . . . defendant's presence during sentencing" (Guerrero, 12 NY3d at 47).
We note that the uniform sentence and commitment form fails to indicate that defendant's conviction of disseminating indecent material to minors in the first degree was as a sexually motivated felony, and it must be amended accordingly (see People v Bullard-Daniel, 203 AD3d 1630, 1633 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; see generally People v Brown, 166 AD3d 1579, 1580 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court