People v Guillen-Beltre
2026 NY Slip Op 04042
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jean Guillen-Beltre, Appellant.

Decided and Entered: June 25, 2026
Ind. No. 0384/15|Appeal No. 6962|Case No. 2017-02093|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered December 8, 2016, convicting defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree, and sentencing him to a term of eight years followed by 10 years of postrelease supervision, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559, 567 [2019], cert denied 589 US 1302, 140 S Ct 2634 [2020]). The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver (see People v Scott, 226 AD3d 443, 443 [1st Dept 2024], lv denied 42 NY3d 930 [2024]). The waiver forecloses review of defendant's excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the voluntariness of his plea is not subject to preservation requirements, as he could not have moved to withdraw his plea under CPL 220.60(3) or to vacate the judgment of conviction under CPL 440 (see People v Louree, 8 NY3d 541, 546 [2007]), and it survives the valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]). However, we reject defendant's contention that the supplemental sex offender victim fee is a direct consequence of a conviction whose omission from the plea colloquy automatically invalidates the plea (see People v Harnett, 16 NY3d 200, 205-206 [2011]; People v Guerrero, 12 NY3d 45, 48 [2009]). Like the mandatory surcharge and crime victim assistance fee mandated by Penal Law § 60.35(1)(a), the supplemental sex offender victim fee under Penal Law § 60.35(1)(b) is not a part of a sentence and therefore a court need not pronounce it in a defendant's presence during sentencing (see Guerrero, 12 NY3d at 48; CPL 380.20, 380.40). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026