■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY TRAN, Appellant. [764 NYS2d 636] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 16, 2001, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated April 1, 2002, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant's contention that the People committed a *Brady* violation (*see Brady v Maryland,* 373 US 83 [1963]) by failing to provide certain police reports is without merit. The subject police reports did not constitute *Brady* material, as the defendant was aware of the facts set forth in the police reports (*see People v Banks,* 130 AD2d 498, 499 [1987]). Further, the defendant failed to meet his burden of demonstrating that the police reports constituted newly-discovered evidence, as such evidence was merely cumulative and only served to bolster the testimony of the defendant at the trial (*see People v Latella,* 112 AD2d 321, 323 [1985]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250, 250 [1989]), and, in any event, are without merit. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant. [764 NYS2d 635] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jones, J.), rendered January 5, 2001.

Ordered that the judgment is affirmed (*see People v Pellegrino,* 60 NY2d 636 [1983]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.