■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ORTIZ, Appellant. [809 NYS2d 153]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 30, 2004, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until January 30, 2011, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit; and it is further,

Ordered that the judgment is affirmed.

The defendant's contention that the People committed a *Brady* violation (*see Brady v Maryland,* 373 US 83 [1963]) by failing to timely turn over a witness's statement is without merit. The statement was "merely cumulative" of other evidence adduced by the defendant at trial (*see People v Tran,* 308 AD2d 497 [2003]).

The defendant's contention that the duration of the final order of protection exceeds the maximum period permissible under CPL 530.13 (4) is unpreserved for appellate review as the defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves,* 2 NY3d 310 [2004]). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson,* 16 AD3d 521 [2005]). As the People correctly concede, the Supreme Court's determination as to the duration of the order of protection issued at the time of sentencing pursuant to CPL 530.13 (4) should have taken into account the defendant's jail-time credit (*see People v Pettiford,* 1 AD3d 466 [2003]; *People v Serrano,* 309 AD2d 822, 823 [2003]; *see also People v Nieves, supra*). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new

determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's remaining contention is without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.