People v Ramos (2018 NY Slip Op 05945)





People v Ramos


2018 NY Slip Op 05945


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-12888
 (Ind. No. 16-00064)

[*1]The People of the State of New York, respondent,
v
Percy Ramos, appellant.


Mark Diamond, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered September 20, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of the orders of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (see CPL 470.15[6][a]).
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including September 20, 2037, are vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Westchester County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The defendant validly waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 255; People v Hidalgo, 91 NY2d 733, 735; People v Brown, 122 AD3d 133, 142). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocution (see People v Simpson, 152 AD3d 627, 627; People v Smith, 146 AD3d 904, 904; People v Thompson, 143 AD3d 1007, 1008).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Smith, 146 AD3d at 904; People v Magnotta, 137 AD3d 1303, 1303). However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Smith, 146 AD3d at 904-905; People v Narbonne, 131 AD3d 626, 627). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v Lopez, 71 NY2d 662, 666; see People v Davis, 24 NY3d 1012, 1013; People v Stone, 91 AD3d 977, 977).
In any event, the defendant's contention that his plea was not knowing, voluntary, and intelligent is without merit. Contrary to the defendant's contention, the Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense . . . or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781; see People v Goldstein, 12 NY3d 295, 301). The Court of Appeals has stated that "no catechism is required in connection with the acceptance of a plea" (People v Goldstein, 12 NY3d at 301; see People v Seeber, 4 NY3d at 781), and has "refused to disturb pleas by canny defendants even when there has been absolutely no elicitation of the underlying facts of the crime" (People v Goldstein, 12 NY3d at 301, citing People v Fooks, 21 NY2d 338, 350). Rather, "[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301). Here, the record of the plea proceeding demonstrates that the defendant understood the charges and made an intelligent decision to enter a plea (see id.; People v Woods, 147 AD3d 1156, 1157; People v Nichols, 77 AD3d 1339, 1340).
The defendant's contentions regarding the validity and duration of two orders of protection issued at the time of sentencing survive his appeal waiver (see People v Kennedy, 151 AD3d 1079, 1079; People v Bernardini, 142 AD3d 671, 671). Furthermore, the validity and duration of the orders of protection, which were issued upon the defendant's conviction, are issues properly before this Court on the appeal from the judgment (see People v Nieves, 2 NY3d 310, 315). However, those contentions are unpreserved for appellate review, since the defendant did not raise them at sentencing or move to amend the final orders of protection (see id. at 316-317; People v Rodriguez, 157 AD3d 971; People v O'Connor, 136 AD3d 945, 945; People v Ray, 67 AD3d 711, 711). Nevertheless, we reach these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ortiz, 25 AD3d 811, 812).
We agree with the County Court's issuance of an order of protection in favor of an eyewitness to the crime in accordance with CPL 530.13(4). However, as the People correctly concede, the duration of both orders of protection exceeded the maximum period permissible under CPL 530.13(4)(A). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including September 20, 2037, and remit the matter to the County Court, Westchester County, for a new determination of the duration of the orders of protection in accordance with CPL 530.13(4)(A) (see People v Palaguachi, 35 AD3d 767, 767-768; People v Ortiz, 25 AD3d at 812).
BALKIN, J.P., MILLER, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court