People v Gooding (2019 NY Slip Op 05561)





People v Gooding


2019 NY Slip Op 05561


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-01283
 (Ind. No. 2532/16)

[*1]The People of the State of New York, respondent,
v
Galveston Gooding, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered January 5, 2017, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until January 4, 2029, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit; and it is further,
ORDERED that the judgment is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Brown, 122 AD3d 133, 137-138, 141). Moreover, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d at 145). Under the circumstances here, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As the People correctly concede, the duration of the order of protection issued at the time of sentencing exceeded the maximum time limit set forth in CPL 530.13(4), and failed to take into account the defendant's jail-time credit. Accordingly, we vacate so much of the order of [*2]protection as directed that it remain in effect until and including January 4, 2029, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Ramos, 164 AD3d 922; People v Ortiz, 25 AD3d 811).
DILLON, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court