People v Graves (2022 NY Slip Op 00191)





People v Graves


2022 NY Slip Op 00191


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-09696
 (Ind. No. 2676/18)

[*1]The People of the State of New York, respondent,
v
Donald Graves, appellant.


Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered July 10, 2019, convicting him of aggravated family offense, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including July 9, 2030, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The defendant contends that the order of protection issued at the time of sentencing exceeded the permissible statutory maximum duration because it failed to credit him with time served. This contention is unpreserved for appellate review because the defendant did not challenge the duration of the order of protection at sentencing, or move to amend the order of protection anytime thereafter (see People v Nieves, 2 NY3d 310, 315; People v Flores, 178 AD3d 726). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). The order of protection did not credit the defendant for time served. Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including July 9, 2030, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Jeremiah, 194 AD3d 840, 842; People v Chambers, 177 AD3d 645, 647; People v Gooding, 174 AD3d 642, 643).
BRATHWAITE NELSON, J.P., IANNACCI, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court