People v Palmer (2022 NY Slip Op 02021)





People v Palmer


2022 NY Slip Op 02021


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-12906
 (Ind. No. 8215/18)

[*1]The People of the State of New York, respondent,
v
Brian Palmer, appellant.


Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barry E. Warhit, J.), rendered October 16, 2019, convicting him of persistent sexual abuse, upon his plea of guilty, and imposing sentence. The appeal brings up for review a final order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including October 15, 2035, is vacated, as a matter of discretion and in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection; and it is further,
ORDERED that the judgment is affirmed.
As the People correctly concede, the duration of the order of protection issued at the time of sentencing exceeded the maximum time limit set forth in CPL 530.13(4)(A), as it did not take into account the defendant's jail-time credit (see People v Gooding, 174 AD3d 642, 643). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including October 15, 2035, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Alston, 188 AD3d 1235, 1235; People v Gooding, 174 AD3d at 643).
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court