People v Lamontagne (2022 NY Slip Op 06261)

People v Lamontagne

2022 NY Slip Op 06261

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-12650
 (Ind. No. 4979/18)

[*1]The People of the State of New York, respondent,
v
Jeson Lamontagne, appellant.

Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel; Kenneth Cooper on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J., at plea; Laura Johnson, J., at sentence), rendered October 4, 2019, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including October 3, 2028, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The duration of the order of protection, which was issued upon the defendant's conviction of attempted assault in the second degree, is an issue properly before this Court on the appeal from the judgment (see People v Nieves, 2 NY3d 310, 315). However, the defendant's contention regarding the duration of the order of protection issued at sentencing is unpreserved for appellate review, since the defendant did not raise the contention at sentencing or move to amend the order of protection (see People v Nieves, 2 NY3d at 316-317; People v Sutki S., 185 AD3d 610, 612; People v Rodriguez, 157 AD3d 971). Nonetheless, we reach that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Sutki S., 185 AD3d at 612; People v Ramos, 164 AD3d 922, 923; People v Ortiz, 25 AD3d 811, 812).
As the People concede, the duration of the order of protection exceeded the maximum time limit set forth in CPL 530.12(5)(A). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including October 3, 2028, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection in accordance with CPL 530.12(5)(A) (see People v Palaguachi, 35 AD3d 767, 767-768; People v Ortiz, 25 AD3d at 812).
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court