People v Vanhoven (2024 NY Slip Op 04786)

People v Vanhoven

2024 NY Slip Op 04786

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2017-13410
 (Ind. No. 2179/16)

[*1]The People of the State of New York, respondent,
v
Blas Vanhoven, appellant.

Twyla Carter, New York, NY (Rachel L. Pecker of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel; Lorrie A. Zinno on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered October 4, 2017, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including October 3, 2028, is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Although the defendant did not object to the duration of the order of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Delaurentis, 216 AD3d 664, 665; People v Gonzalez, 207 AD3d 656, 657). Thus, the rule of preservation does not apply (see People v Gonzalez, 207 AD3d at 657).
As the People, in effect, correctly concede, the duration of the order of protection issued at sentencing exceeded the maximum time limit set forth in CPL 530.12(5), since it did not take into account the defendant's jail-time credit (see People v Lamontagne, 210 AD3d 797, 798; People v Palmer, 203 AD3d 1075).
The People's remaining contention is without merit.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court