People v Lloyd (2025 NY Slip Op 00986)

People v Lloyd

2025 NY Slip Op 00986

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-04064
 (Ind. No. 70436/21)

[*1]The People of the State of New York, respondent,
v
Jahmaree Lloyd, appellant.

Patricia Pazner, New York, NY (Rebekah J. Pazmiño of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lisa Grey, J.), rendered March 20, 2023, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof directing that it shall remain in effect until and including March 19, 2029, and substituting therefor a provision directing that it shall remain in effect until and including March 20, 2028; and it is further,
ORDERED that the judgment is affirmed.
The issue of the duration of the order of protection issued upon the defendant's conviction is properly before this Court on appeal from the judgment (see People v Alleyne, 207 AD3d 554, 554-555). However, the defendant's contention that the order of protection exceeded the permissible statutory maximum duration because it failed to credit him with time served is unpreserved for appellate review because the defendant did not challenge the duration of the order of protection at sentencing or move to amend the order of protection anytime thereafter (see People v Graves, 201 AD3d 736, 737). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ramos, 164 AD3d 922, 923).
As the People correctly concede, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(B)(ii). The defendant requests, and the People concede, that the order of protection should be modified accordingly. Therefore, we modify the order of protection by providing that it shall remain in effect until and including March 20, 2028 (see People v Isaacs, 177 AD3d 770, 770; People v Kalb, 91 AD3d 1359, 1360).
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court