People v Scarlett (2025 NY Slip Op 06082)

People v Scarlett

2025 NY Slip Op 06082

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-03955
 (Ind. No. 70144/22)

[*1]The People of the State of New York, respondent,
v
Clinton Scarlett, appellant.

Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel; Roua Ennab on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered April 18, 2023, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including April 17, 2040, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection; and it is further,
ORDERED that pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record establishes that he validly waived his right to appeal (see People v Jackson, 213 AD3d 697, 697). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Jackson, 213 AD3d at 697).
The issue of the duration of the orders of protection issued upon the defendant's conviction survives the valid waiver of his right to appeal (see People v Moncrieft, 168 AD3d 982, 985; People v Ramos, 164 AD3d 922, 923). However, the defendant's contention that the orders of protection exceeded the permissible statutory maximum duration because they failed to credit him with time served is unpreserved for appellate review because the defendant did not challenge the duration of the orders of protection at sentencing or move to amend the orders of protection thereafter (see People v Nieves, 2 NY3d 310, 315-316; People v Graves, 201 AD3d 736, 737). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Lloyd, 235 AD3d 900, 900-901; People v Ramos, 164 AD3d 922, 923).
The duration of the orders of protection issued at the time of sentencing exceeded the [*2]maximum time limit set forth in CPL 530.13(4), since they did not take into account the defendant's jail-time credit (see People v Khedr, 234 AD3d 991; People v Vanhoven, 231 AD3d 752, 753). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including April 17, 2040, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection (see People v Newman, 234 AD3d 877, 878; People v Gonzalez, 207 AD3d 656, 657). Pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect (see People v Newman, 234 AD3d at 879).
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court