People v Gaffar (2025 NY Slip Op 06073)

People v Gaffar

2025 NY Slip Op 06073

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2021-05665
 (Ind. No. 8349/18)

[*1]The People of the State of New York, respondent,
v
Monier Gaffar, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered July 9, 2021, convicting him of kidnapping in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection issued at the time of sentencing as (1) directed that it remain in effect until and including July 8, 2044, and (2) was issued in favor of Arthur Vasena, is vacated, as a matter of discretion and in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the remaining portion of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the remaining portion of the order of protection, the remaining portion of the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the Supreme Court improperly issued an order of protection in favor of Arthur Vasena at the time of sentencing is unpreserved for appellate review, since the defendant failed to object to that portion of the order of protection at sentencing or otherwise raise the issue before the court (see CPL § 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Gilyard, 237 AD3d 1223; People v Fletcher, 220 AD3d 805). As the defendant correctly contends, the court had no authority to issue an order of protection in favor of that individual, as he was neither a victim nor a witness to the particular crimes to which the defendant entered a plea of guilty (see CPL 530.13[4]; People v Gilyard, 237 AD3d at 1223; People [*2]v Alvarado, 235 AD3d 889). Accordingly, we vacate so much of the order of protection as was issued in favor of Arthur Vasena at the time of sentencing.
The defendant's contention with regard to the duration of the order of protection is unpreserved for appellate review, as the defendant did not challenge the duration of the order of protection at sentencing or move to amend the order of protection anytime thereafter (see CPL 470.05[2]; People v Nieves, 2 NY3d at 316-317). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Lloyd, 235 AD3d 900, 900-901; People v Lamontagne, 210 AD3d 797, 797-798). As the People correctly concede, the duration of the order of protection exceeded the maximum time limit set forth in CPL § 530.12(5) (see People v Lamontagne, 210 AD3d at 797-798). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including July 8, 2044, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the remaining portion of the order of protection (see People v Newman, 234 AD3d 877, 878; People v Gonzalez, 207 AD3d 656, 658). Pending a new determination as to its duration, the remaining portion of the order of protection shall remain in effect.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court