People v Williams (2025 NY Slip Op 07418)

People v Williams

2025 NY Slip Op 07418

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-06105
 (Ind. No. 1961/20)

[*1]The People of the State of New York, respondent,
vLechon Williams, appellant.

Patricia Pazner, New York, NY (Samantha Jerabek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel; Rebecca Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered June 29, 2023, convicting the defendant of robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including July 29, 2034, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
The duration of the order of protection, which was issued upon the defendant's conviction of robbery in the third degree, is an issue properly before this Court on the appeal from the judgment (see People v Nieves, 2 NY3d 310, 315) and survives the valid waiver of his right to appeal (see People v Scarlett, ___ AD3d ___, 2025 NY Slip Op 06082; People v Ramos, 164 AD3d 922, 923). However, the defendant's contention that the order of protection exceeded the permissible statutory maximum duration because the Supreme Court failed to credit him with time served is unpreserved for appellate review, since the defendant did not raise the contention at sentencing or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Scarlett, ___ AD3d ___, 2025 NY Slip Op 06082; People v Lamontagne, 210 AD3d 797, 797). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Scarlett, ___ AD3d ___, 2025 NY Slip Op 06082; People v Lamontagne, 210 AD3d at 797-798).
As the People, in effect, correctly concede, the duration of the order of protection issued at sentencing exceeded the maximum time limit set forth in CPL 530.13(4), which, in the case of a felony conviction, such as in this case, "is the greater of eight years from the date of such [*2]sentencing or eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (People v Gonzalez, 207 AD3d 656, 658; see CPL 530.13[4][A][i], [ii]). Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including July 29, 2034, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection in accordance with CPL 530.13(4) (see People v Gonzalez, 207 AD3d at 658). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court