OPINION OF THE COURT
 

 Graffeo, J.
 

 In these cross appeals, we must determine whether orders of protection issued during a sentencing proceeding in a criminal case can be challenged on direct appeal from the judgment of conviction and, if so, whether defendant’s arguments on appeal to this Court had to be raised before the sentencing court under our preservation rule. Although we hold that the permanent orders of protection in this case were appealable as part of the judgment, we conclude that defendant’s unpreserved claims are not reviewable in this Court.
 

 Defendant Israel Nieves was involved in an altercation in which he shot and injured two men. As a result of the incident, he was charged with criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, reckless endangerment and two counts of assault in the first degree. The People offered evidence at a nonjury trial that defendant encountered two female friends just after the women had been ejected from a nightclub for fighting with a male patron. Armed with a loaded weapon, defendant drove the women back to the nightclub where they found the patron they had been fighting with standing outside the club with a male friend. During the street confrontation that erupted among defendant, the patron and at least one of his friends, defendant shot the patron and the male friend, causing serious injuries. Defendant then left the scene in his car but was later apprehended by the police after they saw him attempt to dispose of the handgun.
 

 Asserting that the two men had been the aggressors and had initiated the violent confrontation, defendant presented a justification defense at his bench trial. The two women corroborated defendant’s account of the incident. The trial court acquitted defendant of the assault-related offenses but convicted
 
 *313
 
 him of criminal possession of a weapon in the third degree, a lesser included offense of criminal possession of a weapon in the second degree.
 

 On October 12, 2001, defendant was sentenced as a second felony offender to a determinate term of three years incarceration, the minimum sentence available. During the sentencing proceeding, the court issued two orders of protection under CPL 530.13 (4), one for each of the men shot in the course of the incident. The statute provides that “[t]he duration of such an order shall be fixed by the court and, in the case of a felony conviction, shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed” (CPL 530.13 [4]). In this case, the orders of protection, directing defendant to “[s]tay away” from the men and to refrain from harassing them, were to expire on October 12, 2007—precisely three years from the date the sentencing court expected defendant to be released from prison on completion of his determinate sentence. Defendant raised no objection to the issuance of the permanent orders of protection.
 
 [1]
 

 In his direct appeal to the Appellate Division, defendant claimed for the first time that the orders of protection exceeded both the duration and the scope authorized in CPL 530.13 (4). With respect to duration, defendant noted that after he was remanded to state custody following sentencing, the Department of Correctional Services (DOCS) calculated his jail time credit, accounting for the time he had been incarcerated while the criminal action was pending.
 
 [2]
 
 As a result of such credit, defendant’s release from prison would occur earlier than the sentencing court had expected and, if the expiration dates on the orders of protection were not adjusted, he contended that the orders would remain effective beyond the maximum time period allowed by CPL 530.13 (4). Defendant also asserted that the orders were flawed in scope because they had been issued to protect the two men he shot. Due to his acquittal on each of the
 
 *314
 
 assault-related, offenses, defendant argued that these individuals were not victims but were, instead, witnesses who were entitled to less protection under the statute.
 

 The People objected to the fact that defendant was raising these issues on direct appeal, taking the position that defendant should have brought a motion in the sentencing court seeking adjustment of the orders of protection. On the merits, the People did not dispute that the orders needed to be amended to reflect the jail time credit calculation but contended that the orders were appropriate in scope because CPL 530.13 grants a court broad discretion to determine the conditions to impose on a defendant when issuing orders of protection, regardless of whether the orders protect victims or witnesses.
 

 The Appellate Division modified the judgment, concluding that the expiration date on the orders of protection must be changed to reflect the jail time credit calculation but otherwise rejecting defendant’s remaining arguments. The Court remitted the matter to the sentencing court to issue amended orders of protection with corrected expiration dates. A Judge of this Court granted the cross applications of defendant and the People for leave to appeal.
 

 I.
 

 The threshold question is whether the orders of protection defendant challenges fall within the class of determinations in criminal cases that may be appealed. Appealability of determinations adverse to a defendant cannot be presumed because
 
 “a
 
 defendant’s right to appeal within the criminal procedure universe is purely statutory”
 
 (People v Stevens,
 
 91 NY2d 270, 278 [1998] [citations omitted]). CPL 530.13 does not contain a provision addressing whether orders of protection are appealable and CPL article 450, the provision generally addressing criminal appeals, also does not explicitly reference orders of protection. But CPL 450.10 authorizes a defendant to appeal from a judgment in a criminal case, which brings up for review many of the orders and rulings that precede or are part of it.
 

 In
 
 Stevens,
 
 this Court held that postjudgment risk level determinations under the Sex Offender Registration Act (SORA) were not appealable because they “are not a part of the criminal action or its final adjudication” (91 NY2d at 277 [citations omitted]). In contrast, in
 
 People v Hernandez
 
 (93 NY2d 261 [1999] ), we ruled that certification as a sex offender under SORA—a determination issued at the time of sentencing—was
 
 *315
 
 appealable as part of the judgment of conviction.
 
 [3]
 
 In reaching that result, we noted that the Legislature mandated that SORA certification occur “upon conviction” (Correction Law § 168-d [1] [a]) and had contemplated that such a determination would be part of the final adjudication of the criminal proceedings against defendant.
 

 Like the SORA certification at issue in
 
 Hernandez,
 
 CPL 530.13 (4) authorizes a court to issue permanent orders of protection for the benefit of victims and witnesses “[u]pon conviction of any offense.” By using this language, the Legislature signaled that orders of protection issued at sentencing are part of the final adjudication of the criminal action involving defendant. We therefore conclude that permanent orders of protection entered “[u]pon conviction” under CPL 530.13 (4) are among the orders and rulings that a defendant may challenge in an appeal from the judgment of conviction. As such, the orders in this case were subject to appellate review pursuant to CPL 450.10 and the Appellate Division did not err in declining to dismiss defendant’s appeal.
 

 II.
 

 Having decided that permanent orders of protection are appealable, we turn to defendant’s challenges to the contents of the orders. Because this Court’s jurisdiction is limited to review of issues of law, our first task is to assess whether the arguments raised on appeal present questions that were preserved by specific objection in the trial court. Here, defendant acknowledges that he did not object to the orders of protection at sentencing but nonetheless contends that his arguments are reviewable because his claims fall within the illegal sentence exception to the preservation requirement. We disagree.
 

 We have recognized “a narrow exception to the preservation rule”
 
 (People v Samms,
 
 95 NY2d 52, 56 [2000]) where a court exceeds its powers and imposes a sentence that is illegal in a respect that is readily discernible from the trial record. Commonly referred to as the “illegal sentence” exception, this rule allows this Court to review certain issues despite the absence of a timely objection at the trial court level. But not all claims arising during a sentencing proceeding fall within the exception.
 
 *316
 
 For example, challenges to the court’s procedures, evidentiary disputes and claims that rely on documents or facts not otherwise developed in the record must be preserved by timely objection in the sentencing court
 
 (id.
 
 at 57-58;
 
 see People v Horne,
 
 97 NY2d 404, 414 n 3 [2002];
 
 People v Smith,
 
 73 NY2d 961 [1989];
 
 People v Oliver,
 
 63 NY2d 973 [1984];
 
 see generally People v Gonzalez,
 
 99 NY2d 76, 83 [2002]).
 

 Here, although the orders of protection were issued at the sentencing proceeding, it is evident from the statutory scheme that the orders were not a part of defendant’s sentence. CPL 530.13 (4) does not characterize permanent orders of protection as a component of sentencing. Furthermore, CPL 530.13 authorizes a court to issue temporary orders during the pendency of the criminal proceeding, establishing that the Legislature could not have intended orders of protection to be punitive in nature. In fact, the provisions addressing the scope of temporary orders are substantially the same as those applying to permanent orders, suggesting the purpose of the legislation was to assist victims and witnesses
 
 (compare
 
 CPL 530.13 [1] [a], [b]
 
 with
 
 CPL 530.13 [4] [a], [b]), not to punish the accused. The legislative history of a recent amendment to CPL 530.13 indicates that the primary intent of the statute is to ensure that victims and “witnesses who have the courage and civic responsibility to cooperate with law enforcement officials are afforded the maximum protection possible” (Governor’s Mem approving L 1998, ch 610, 1998 McKinney’s Session Laws of NY, at 1485).
 

 Further confirmation that the Legislature did not create a new sentence when it enacted CPL 530.13 (4) can be found by reference to the Penal Law provisions governing sentencing for criminal offenses. Title E of the Penal Law, entitled “Sentences,” encompasses articles 55, 60, 65, 70, 80 and 85, and comprehensively addresses sentencing alternatives, ranging from youthful offender adjudication to incarceration, restitution and reparation, and the imposition of fines. No reference is made in any of these provisions to an order of protection as a permissible sentence. In light of this statutory scheme, we conclude that an order of protection issued incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims and witnesses both prior to and after conviction—it is not a part of the sentence imposed.
 

 Thus, even if the orders of protection in this case are defective as defendant argues, those defects do not render defendant’s
 
 *317
 
 sentence of incarceration invalid and they are not reviewable under the illegal sentence exception to the preservation requirement. Although the Appellate Division had authority to address defendant’s unpreserved challenges to the orders in the exercise of its interest of justice jurisdiction, this Court is without power to do so and we therefore may not consider defendant’s arguments on the merits.
 

 III.
 

 As a practical matter, although we have determined that permanent orders of protection are appealable, we note that an appeal is neither the only nor the most desirable means for resolving an expiration date issue. CPL 530.13 mandates that the duration of an order of protection be “fixed by the court” and further directs that “[a]n order of protection issued under this section shall plainly state the date that such order expires” (CPL 530.13 [4], [5]). The statute requires that any order of protection issued must be filed with law enforcement authorities to provide for effective enforcement. Needless to say, it is imperative that orders of protection contain specific and correct expiration dates to provide certainty for defendants, the protected victims and witnesses, and law enforcement authorities who may be called to enforce them.
 

 A sentencing court cannot predict the extent of allowable jail time credit before such calculations are made by DOCS. If alerted to the fact that jail time credit will arise, however, the court can retain jurisdiction over the matter so that adjustments necessitated by subsequent events can be made as efficiently as possible. Because sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary. By returning to the issuing court, defendant can expeditiously obtain correction of the orders and, even if not successful, will have created a record that will facilitate appellate review
 
 (see generally People v Kinchen,
 
 60 NY2d 772 [1983]).
 
 [4]
 

 This case demonstrates the point. The only issues defendant raised on appeal related to the orders of protection. Defendant
 
 *318
 
 and his counsel knew at the time of sentencing that he had been incarcerated while the criminal action was pending and therefore knew he would receive jail time credit. If the defense had raised the issue at sentencing, the court would undoubtedly have directed defendant to return after DOCS calculated his jail time credit so that the orders could be amended to reflect changes in defendant’s release date, if appropriate. Had defendant sought correction of the orders in the trial court, amended orders would likely have already been issued in this case, obviating the expenditure of time and resources associated with an appeal.
 

 Accordingly, on defendant’s appeal, the order of the Appellate Division, insofar as appealed from, should be affirmed. The People’s appeal should be dismissed upon the ground that the Appellate Division modification was not “on the law alone or upon the law and such facts which, but for the determination of law, would not have led to . . . modification” (CPL 450.90 [2] [a];
 
 People v Dercole, 52
 
 NY2d 956 [1981]).
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Read and R.S. Smith concur.
 

 Order affirmed, People’s appeal dismissed, etc.
 

 [1]
 

 . Orders issued upon conviction are characterized as “permanent” to distinguish them from the temporary orders that may be issued pursuant to CPL 530.13 (1) while the criminal action is pending.
 

 [2]
 

 . Here, defendant did not take issue with the jail time credit calculation itself, a determination that could have been challenged in a civil CPLR article 78 proceeding against DOCS
 
 (see e.g. Matter of Bottom v Goord,
 
 96 NY2d 870 [2001]).
 

 [3]
 

 . After
 
 Stevens
 
 and
 
 Hernandez
 
 were decided, the Legislature amended SORA to provide the People and the defendant the right to bring a civil appeal challenging a risk level determination
 
 (see
 
 Correction Law § 168-d [3]; L 1999, ch 453, § 6).
 

 [4]
 

 . The People argue that the record was inadequate to support appellate review in this case because the jail time credit documents on which defendant relied were never properly made part of the record and, due to defendant’s failure to object to the scope of the orders, the court never articulated whether
 
 *318
 
 it considered the subjects of the orders to be victims or witnesses. Having concluded that the preservation rule bars review in any event, we have no occasion to determine whether the record presented would have been adequate to support such review.