THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PROUDMAN, Appellant. [869 NYS2d 823]—

Memorandum: On appeal from a judgment convicting him following a nonjury trial of stalking in the third degree (Penal Law § 120.50 [3]), defendant contends that Supreme Court erred in calculating the expiration date of the order of protection from the date of sentencing rather than from the date of the guilty verdict. Although defendant failed to preserve that contention for our review, we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see People v Chattley*, 49 AD3d 1307 [2008], *lv denied* 10 NY3d 933 [2008]; *see generally People v Nieves*, 2 NY3d 310, 315-317 [2004]). Pursuant to CPL 530.13 (4), the duration of an order of protection issued upon a conviction of a class A misdemeanor "shall not exceed five years from the date of such conviction." Defendant was convicted on June 25, 2007, the date on which the guilty verdict was entered. The order of protection expires July 20, 2012, however, and we thus agree with defendant that it exceeds the term allowed by the statute. We therefore modify the judgment by providing that the order of protection shall expire on June 25, 2012.

The contention of defendant that the court erroneously failed to credit the period of time he was incarcerated on the current charges is not preserved for our review. In any event, it is without merit (*see* CPL 530.13 [4]).

Defendant further contends that the court erred in precluding him from questioning the victim on cross-examination concerning three letters that she allegedly wrote, based on his failure to produce them in response to a demand by the People. As the People correctly concede, CPL article 240 does not require defendant to produce such letters in response to their demand. We note, however, that defendant elicited testimony to support his defense theory, and we conclude that the court's error in precluding defendant's questioning of the victim with respect to the letters is harmless (*see generally People v Crim-*

*mins*, 36 NY2d 230, 241-242 [1975]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.