People v Chambers (2019 NY Slip Op 07920)





People v Chambers


2019 NY Slip Op 07920


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-12105

[*1]The People of the State of New York, respondent,
v
James Chambers, appellant. (S.C.I. No. 17-00515)


Mark Diamond, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Michael A. Martinelli, J.), rendered September 6, 2018, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection dated September 6, 2018, issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection dated September 6, 2018, as directed that it remain in effect until September 6, 2029, less the defendant's jail-time credit, to be computed by the applicable department of correction, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Westchester County, for a new determination of the duration of the order of protection, consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666). In any event, the facts the defendant admitted during his plea allocution were sufficient to establish the elements of the crime of attempted burglary in the third degree (Penal Law §§ 140.20, 110.00).
The defendant's further contention that he did not knowingly, voluntarily, and intelligently plead guilty because the County Court did not inform him of the ramifications of the final order of protection issued upon sentencing is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit, since the order of protection was not part of the sentence imposed, and could be entered independently of the plea agreement (see People v Margillo, 69 AD3d 655, 656; see generally People v Nieves, 2 NY3d 310, 316).
The defendant's contention that the County Court effectively failed to fix the duration [*2]of the order of protection is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d at 316), but we nevertheless reach the issue in the exercise of our interest of justice jurisdiction. With exception not relevant here, CPL 530.13 authorizes a court, upon sentencing on a conviction for any offense, to enter an order of protection, inter alia, directing a defendant to stay away from the victims of the offense (see CPL 530.13[4]). The statute provides, in relevant part, that in the case of a felony conviction, the duration of the order of protection "shall not exceed the greater of: (i) eight years from the date of such sentencing . . . or (ii) eight years from the date of the expiration of the maximum term of an indeterminate . . . sentence of imprisonment actually imposed" (id.). Here, in issuing the order of protection, the court calculated that 8 years after the expiration of the 3-year maximum term of the defendant's indeterminate sentence would be September 6, 2029. However, in recognition that the defendant's release from prison might occur earlier than expected once any jail-time credit was calculated, the court set the expiration date in the order as "September 6, 2029 less the defendant's jail-time credit, which is to be computed by the applicable department of correction."
By virtue of that provision, the County Court effectively failed to set a definite expiration date, and thus, duration, for the order of protection. The court thereby violated the statutory directives that the duration of an order of protection "shall be fixed by the court" (Penal Law § 530.13[4]) and that "[a]n order of protection . . . shall plainly state the date that such order expires" (Penal Law § 530.13[5]). The Court of Appeals has acknowledged that "it is imperative that orders of protection contain specific and correct expiration dates to provide certainty for defendants, the protected victims and witnesses, and law enforcement authorities who may be called to enforce them" (People v Nieves, 2 NY3d at 317). The order of protection in this case fails to provide the requisite certainty. The Court of Appeals has also recognized that, in calculating the duration of an order of protection, "[a] sentencing court cannot predict the extent of allowable jail time credit before such calculations are made" (id.). The Court suggested a procedure to manage that issue. Specifically, it instructed that the issuing court could retain jurisdiction over the matter, and that defendants could subsequently seek adjustment of the duration of an order of protection by requesting that relief from the issuing court (see id.). Whether or not that procedure is followed, the issuing court cannot resolve the issue of possible jail-time credit as the County Court did here, by failing to set forth any definite expiration date for the order of protection (see CPL 530.13[4]).
Accordingly, we vacate so much of the order of protection dated September 6, 2018, as directed that it remain in effect until September 6, 2029, less the defendant's jail-time credit, to be computed by the applicable department of correction, and remit the matter to the County Court, Westchester County, for a new determination of the duration of the order of protection.
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court