The People of the State of New York, Respondent,
against
Jeremy Foreman, Appellant. 




Appellate Advocates (Benjamin Welikson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove , Jill Oziemblewski and Andrew S. Durham of counsel), for respondent.


Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Rosemarie Montalbano, J.), rendered July 19, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree, and imposed sentence. The appeal brings up for review an order of protection issued at the time of sentencing.




ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]), and, at the time of sentencing, a final five-year order of protection was issued in favor of the complainant. On appeal, defendant argues that, because he and the complainant had a complicated history and the Criminal Court failed to articulate its reasons on the record for issuing the order of protection, the duration of the order should be reduced or modified to run concurrently with a prior order of protection.
While an order of protection issued at the time of sentencing can be reviewed upon an appeal from the judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]), here, defendant's challenge to the duration of the final order of protection entered against him is unpreserved for [*2]appellate review since defendant neither raised this issue at sentencing nor moved to adjust the duration of the final order of protection (see CPL 470.05 [2]; People v Nieves, 2 NY3d at 316-318; People v Kumar, 127 AD3d 882, 883 [2015]). We decline to review defendant's contention in the exercise of our interest of justice jurisdiction (see People v Kennedy, 151 AD3d 1079, 1079-1080 [2017]; People v Bernardini, 142 AD3d 671, 672 [2016]; People v Kumar, 127 AD3d at 883). We note that the Court of Appeals has stated that "the better practice—and best use of judicial resources—is for a defendant seeking adjustment of [a final order of protection] to request relief from the issuing court in the first instance" whereby a defendant "can expeditiously obtain correction of the order[] and, even if not successful, will have created a record that will facilitate appellate review" (People v Nieves, 2 NY3d at 317).

Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2020