People v Sokolski (2020 NY Slip Op 51126(U))

[*1]

People v Sokolski (Daniel)

2020 NY Slip Op 51126(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2015-2704 RI CR

The People of the State of New York,
Respondent, 
against
Daniel Sokolski, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for
respondent.

Appeal from six judgments of conviction the Criminal Court of the City of New York,
Richmond County (Alan J. Meyer, J.), rendered September 25, 2015. The judgments convicted
defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the
seventh degree and five counts of petit larceny, respectively, and imposed sentence. The appeal
brings up for review orders of protection issued under Criminal Court docket Nos.
2015RI001842 and 2015RI004778 at the time of sentencing. Assigned counsel has submitted a
brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as
counsel insofar as the appeal is from the judgments of conviction under Criminal Court docket
Nos. 2014RI010430, 2015RI000968, 2015RI003584, and 2015RI006475.

ORDERED that the judgments of conviction are affirmed.
We are satisfied with the sufficiency of the brief filed by defendant's assigned counsel
pursuant to Anders v California (386 US 738 [1967]) regarding docket Nos.
2014RI010430, 2015RI000968, 2015RI003584, and 2015RI006475, and, upon an independent
review of the record with respect thereto, we conclude that there are no nonfrivolous issues
which could be raised on appeal. Counsel's application for leave to withdraw as counsel is,
therefore, granted insofar as the appeal is from those judgments of conviction (see id.; Matter of Giovanni S. [Jasmine A.], 89
AD3d 252 [2011]; People v Paige, 54 AD2d 631 [1976]; cf. People v
Gonzalez, 47 NY2d 606 [1979]).
Defendant's challenge to the final orders of protection issued under docket Nos.
2015RI001842 and 2015RI004778 is unpreserved for appellate review because defendant did not
raise this issue at sentencing (see CPL 470.05 [2]; People v Nieves, 2 NY3d 310, 316-318 [2004]; People v Manalang, 54 Misc 3d
138[A], 2017 NY Slip Op 50146[U] [App Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2017]). In any event, by their
terms, the orders of protection have expired (see People v Francois, 64 Misc 3d 139[A], 2019 NY Slip Op
51241[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), rendering the issue
academic.
Accordingly, the judgments of conviction are affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020