People v Alleyne (2022 NY Slip Op 04556)

People v Alleyne

2022 NY Slip Op 04556

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-01746
 (Ind. No. 2208/18)

[*1]The People of the State of New York, respondent,
v
Timothy Alleyne, appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Simon Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered November 29, 2018, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including November 29, 2027, are vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The issue of the duration of two orders of protection issued upon the defendant's conviction is properly before this Court on appeal from the judgment (see People v Nieves, 2 NY3d 310, 315). However, the defendant's contention with respect to the duration of the orders of protection is unpreserved for appellate review, since the defendant did not raise it at sentencing or move to amend the orders of protection (see People v Ramos, 164 AD3d 922, 923). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ramos, 164 AD3d at 923).
As the People correctly concede, the duration of the orders of protection exceeded the maximum period permissible under CPL 530.13(4)(a). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including November 29, 2027, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection in accordance with CPL 530.13(4)(a) (see People v Bolden, 193 AD3d 1369, 1369-1370; People v Alston, 188 AD3d 1235; People v Ramos, 164 AD3d 922).
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court