People v Pervil (2024 NY Slip Op 06217)

People v Pervil

2024 NY Slip Op 06217

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-01289
 (Ind. No. 7459/19)

[*1]The People of the State of New York, respondent,
v
Ernest Pervil, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Rebecca Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered October 19, 2022, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the expiration date of an order of protection issued at the time of sentencing should be modified to account for jail-time credit is unpreserved for appellate review, since he did not raise this issue at sentencing when the Supreme Court stated on the record what the expiration date would be, or move to amend the order of protection on this ground (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 317-318). Under the circumstances, we decline to review this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]). "Because sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking an adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary. By returning to the issuing court, defendant can expeditiously obtain correction of the orders and, even if not successful, will have created a record that will facilitate appellate review" (People v Nieves, 2 NY3d at 317).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., GENOVESI, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court