People v Colon (2024 NY Slip Op 06472)

People v Colon

2024 NY Slip Op 06472

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

836 KA 23-00422

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONIEL COLON, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered November 7, 2022. The judgment convicted defendant, upon a plea of guilty, of attempted course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, former 130.75 [1] [b]). We affirm.
Defendant contends that his guilty plea was not voluntarily, knowingly, and intelligently entered because defense counsel did not correctly advise him of the import of his consent to an order of abuse pursuant to Family Court Act § 1051 (a) and related admissions in the context of a Family Court article 10 proceeding that involved the same victim as in this case and largely mirrored the criminal allegations. Contrary to defendant's contention, defense counsel correctly informed defendant, both before the plea proceeding and during the ensuing plea colloquy, of the significance of the Family Court proceeding (see People v Babb, 186 AD3d 1058, 1059 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]). For the same reason, we reject defendant's related contention that defense counsel was ineffective.
Defendant further contends that his guilty plea was not voluntarily, knowingly, and intelligently entered because he protested his innocence early in the plea proceeding. We reject that contention. Defendant's cursory protestations of innocence are "unsupported by the record and belied by [defendant's] statements during the plea colloquy" (People v Gerena, 174 AD3d 1428, 1430 [4th Dept 2019], lv denied 34 NY3d 981 [2019]; see generally People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]) and his prior admissions—under oath—in Family Court.
Finally, defendant did not preserve his contention regarding the order of protection issued at sentencing (see People v Nieves, 2 NY3d 310, 315-317 [2004]; People v Warren, 222 AD3d 1423, 1423 [4th Dept 2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3]; Warren, 222 AD3d at 1423).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court