People v Gonzalez (2025 NY Slip Op 01587)

People v Gonzalez

2025 NY Slip Op 01587

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 2238/18|Appeal No. 3921|Case No. 2019-04565|

[*1]The People of the State of New York, Respondent,
v
Henry Gonzalez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ji Hyun Rhim of counsel), for appellant
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven Statsinger, J., at plea; Ellen N. Biben, J., at sentencing), rendered April 10, 2019, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to vacate the provision of the order of protection solely to the extent that it remain in effect until April 9, 2030, and to remand the matter for a new determination of the expiration of the duration of the order, and otherwise affirmed.
Although defendant's challenge to the duration of the order of protection is unpreserved (see People v Nieves, 2 NY3d 310 [2004]), we reach the issue in the interest of justice. As the People concede, the expiration date of the order of protection is incorrect because it was calculated without taking into account the jail time credit to which defendant is entitled (see e.g. People v Kuchma, 230 AD3d 1074, 1075 [1st Dept 2024]). Pending a new determination, the order of protection shall remain in effect. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025