People v Lavaud (2025 NY Slip Op 01949)

People v Lavaud

2025 NY Slip Op 01949

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-10526
 (Ind. No. 8576/18)

[*1]The People of the State of New York, respondent,
v
Robert Lavaud, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered December 6, 2022, convicting him of criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.13[4]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Beaubrun, 234 AD3d 869, 869). Under the circumstances, we decline to exercise our interest of justice jurisdiction to review this contention (see People v Villan, 234 AD3d 717, 717; People v Person, 233 AD3d 804, 804). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Person, 233 AD3d at 804).
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court