People v Cameron (2025 NY Slip Op 02080)

People v Cameron

2025 NY Slip Op 02080

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2022-09835
 (Ind. No. 40/21)

[*1]The People of the State of New York, respondent,
v
Elijah Cameron, appellant.

Patricia Pazner, New York, NY (Tina Peng of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J., at plea; Marina Cora Mundy, J., at sentence), rendered September 21, 2022, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that an order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.12[5]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Newman, 234 AD3d 877; People v Daniel, 233 AD3d 704; People v Demilio, 227 AD3d 1098, 1100-1101). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Crosby, 230 AD3d 597, 598; People v Zhiminaicela-Duchitanga, 214 AD3d 1005, 1006). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317; see People v Person, 233 AD3d 804, 804).
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court