People v James (2025 NY Slip Op 02608)

People v James

2025 NY Slip Op 02608

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2022-09825
 (Ind. No. 70649/21)

[*1]The People of the State of New York, respondent,
v
Julian James, appellant. 

Patricia Pazner, New York, NY (Kathleen Whooley of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered October 26, 2022, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record its reason for issuing the order of protection (see CPL 530.13[4]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v Newman, 234 AD3d 877, 878; People v Villan, 234 AD3d 717, 718). Under the circumstances, we decline to reach this contention in the exercise of our interest of justice jurisdiction (see People v Villan, 234 AD3d at 718; People v Colon, 204 AD3d 938, 939). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Person, 233 AD3d 804, 804).
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court