People v Simon (2025 NY Slip Op 03210)

People v Simon

2025 NY Slip Op 03210

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-04995
 (Ind. No. 7243/18)

[*1]The People of the State of New York, respondent,
v
Keachane Simon, appellant.

Twyla Carter, New York, NY (Isabel Patkowski of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 7, 2022, convicting him of assault in the third degree as a hate crime, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.12[5]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Newman, 234 AD3d 877; People v Daniel, 233 AD3d 704; People v Demilio, 227 AD3d 1098, 1100-1101). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Crosby, 230 AD3d 597, 598; People v Zhiminaicela-Duchitanga, 214 AD3d 1005, 1006). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d 310, 317; see People v Person, 233 AD3d 804, 804).
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court