People v Velasquez (2025 NY Slip Op 03829)

People v Velasquez

2025 NY Slip Op 03829

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-05784
 (Ind. No. 70214/23)

[*1]The People of the State of New York, respondent,
v
Angel Velasquez, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher J. Blira-Koessler, and Philip Amur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered June 1, 2023, convicting him of attempted criminal mischief in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review four orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection issued in favor of Rafael Ortiz at the time of sentencing is vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that upon the appeal from the judgment, so much of the remaining orders of protection as directed that they remain in effect until and including May 31, 2034, are vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the remaining orders of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the remaining orders of protection, the remaining orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly issued an order of protection in favor of Rafael Ortiz at the time of sentencing is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see People v Gilyard, 237 AD3d 1223; People v Fletcher, 220 AD3d 805). As the defendant correctly contends, the court had no authority to issue an order of protection in favor of that individual, as he was neither a victim of nor a witness to the particular crime to which the defendant pleaded guilty (see CPL 530.13[4]; People v Gilyard, 237 AD3d at 1223; People v Alvarado, 235 AD3d 889). Accordingly, we vacate the order of protection issued in favor of Rafael Ortiz at the time of sentencing.
Although the defendant did not object to the duration of the orders of protection on [*2]the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings (see People v Daniel, 233 AD3d 704, 705; People v Gonzalez, 207 AD3d 656, 657). Thus, the rule of preservation does not apply (see People v Williams, 235 AD3d 1017, 1017; People v Newman, 234 AD3d 877, 878). The duration of the orders of protection issued at the time of sentencing exceeded the maximum time limit set forth in CPL 530.13(4), since they did not take into account the defendant's jail-time credit (see People v Khedr, 234 AD3d 991; People v Vanhoven, 231 AD3d 752, 753). Accordingly, we vacate so much of the remaining orders of protection as directed that they remain in effect until and including May 31, 2034, and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the remaining orders of protection (see People v Newman, 234 AD3d at 878; People v Gonzalez, 207 AD3d at 658).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court