People v Simmons (2025 NY Slip Op 52006(U))

[*1]

People v Simmons

2025 NY Slip Op 52006(U)

Decided on December 15, 2025

Criminal Court Of The City Of New York, Kings County

Pilmar, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Nicholas Simmons, Defendant

Docket No. CR-058926-25KN

People: Kings County District Attorney's Office by James Bass, Esq.
Defendant: Brooklyn Defender Services by Julia Lara Robinson, Esq.

Philip N. Pilmar, J.

On December 9, defendant Nicholas Simmons was arraigned on a complaint charging him with Petit Larceny, in violation of Penal Law § 155.25, and Grand Larceny in the Fourth Degree, in violation of Penal Law § 155.30(1). At the arraignment, the People requested a temporary order of protection in favor of the complaining witness, an employee at the Target the defendant is alleged to have stolen from. The Court denied the People's request for an order of protection. The Court issues this written decision to more fully articulate the Court's reasons for denying the People's request and due to the recurring nature of this issue during arraignments.
 BACKGROUND
As alleged in the complaint, the defendant entered a Target store in Brooklyn on November 25, 2025, went to the stock room, took an Apple iPad, and walked out of the store without paying. Three days later, on November 28, 2025, the complaint alleges that defendant returned to the store, took a Sony PlayStation and other items, and again walked out of the store without paying. The approximate total value of these items is over $1,000. The defendant was arrested nearly two weeks later. 
The People requested a full order of protection in favor of the complaining witness who witnessed the defendant stealing the property through video surveillance. According to the People, a full order of protection is necessary to protect the complaining witness from the defendant. The People did not allege any threats or violence by the defendant during this alleged theft.

APPLICABLE LAW
A full order of protection prohibits a defendant from having any contact with a victim or witness, including in person or by other means including electronic communication. An order of [*2]protection also prohibits a defendant from going to the home, school, or place of work of the witness. Orders of protection are not punitive in nature but are instead intended to "assist victims and witnesses" (People v Nieves, 2 NY3d 310, 316 [2004]). As the Court of Appeals noted, the primary intent of the statute is to ensure that victims and "'witnesses who have the courage and civic responsibility to cooperate with law enforcement officials are afforded the maximum protection possible'" (Id. [quoting Governor's Mem approving L 1998, ch 610, 1998 McKinney's Session Laws of NY, at 1485]).
Two statutes under New York's Criminal Procedure Law primarily govern the operation of orders of protection. First, CPL § 530.12 permits a court to issue a temporary order of protection in connection with a securing order of as a condition of release "when a criminal action is pending involving a complaint charging any crime or violation between spouses, former spouses, parent and child, or between members of the same family or household" (CPL § 530.12[1]). When the People charge a family offense as defined above, the Court may issue an order requiring the defendant, among other things, "to stay away from the home, school, business or place of employment of the family or household member or of any designated witness" (CPL § 530.12[1][a]). "In making such determination, the court shall consider, but shall not be limited to consideration of, whether the temporary order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, past or present injury, threats, drug or alcohol abuse, and access to weapons" (Id.).
Second, CPL § 530.13 permits courts to issue temporary orders of protections in non-family offense cases. Among other things, the Court may require that the defendant "(a) stay away from the home, school, business or place of employment of the victims of, or designated witnesses to, the alleged offense; and (b) refrain from harassing, intimidating, threatening or otherwise interfering with the victims of the alleged offense and such members of the family or household of such victims or designated witnesses" (CPL § 530.13[1]). A court may only issue this order of protection "for good cause" (Id.). The legislature did not define the factors the Court should consider as it did when enacting CPL § 530.12. However, "the memoranda in support of this legislation indicate that the legislation was necessary in response to legislative findings that victim and witness intimidation by defendants released on bail or on their own recognizance was a significant problem for prosecutors" (People v Koertge, 182 Misc 2d 183, 186-87 [Nassau County Dist Ct 1998]).
One additional point is worth considering in evaluating these statutes. CPL § 530.13 provides that, "Upon sentencing on a conviction for any offense . . . the court may . . . enter an order of protection" (CPL § 530.13[4] [emphasis added]). The statute does not explicitly require that the Court only issue an order when "good cause" has been shown as the statute requires a court to find when entering a temporary order of protection prior to a conviction.

DISCUSSION
In evaluating CPL §§ 530.12 and 530.13, the Court finds that temporary orders of protection are not automatically warranted in favor of witnesses in every case. Instead, the Court must consider all of the facts of the case, including the defendant's criminal history and the alleged crime.
In previous cases before the Court, the People relied upon the Court of Appeals' decision in Nieves for the proposition, as quoted above, that the statute is meant to ensure that "victims and witnesses who have the courage and civic responsibility to cooperate with law enforcement [*3]officials are afforded the maximum protection possible" (2 NY3d at 316). The Court completely agrees with this proposition. But the statute requires that "good cause" be established for the issuance of the order of protection. Although the Legislature did not define "good cause," the Court believes that "good cause" means weighing all the facts and circumstances of a defendant's case, including a) the People's allegations; b) any evidence that the defendant committed physical violence or caused fear in the witness; and c) the defendant's criminal history, especially any convictions for physical violence, criminal contempt or witness tampering. And because CPL § 530.13 is a companion to § 530.12, the Court also considers the factors provided by the Legislature in the latter statute, including "whether the temporary order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, past or present injury, threats, drug or alcohol abuse, and access to weapons."[FN1]

When analyzing these factors, no single factor is determinative and the Court may issue a full order of protection when the People allege violent conduct, even when the other factors weigh in favor of the defendant. But in this case, none of the factors weigh in favor of issuing an order of protection. The defendant has no criminal history, and accordingly, no history of violence, issuing threats or intimidating witnesses. During the instant offense, the defendant is not alleged to have committed any violence or done anything to intimidate the store employee. In fact, the complaining witness observed the defendant's alleged thefts through video surveillance.
The People's argument boils down to that an order of protection is necessary in nearly every case where there is a witness to a theft offense, even if the defendant's offense did not involve violence, threats, witness intimidation, or any other factor that would indicate that the defendant poses any risk to the witness. There is no basis in the law for this proposition and this argument would require an order of protection to be issued in nearly every criminal matter. As Judge Zelmanovitz recently noted in denying a temporary order of protection under similar facts, "it is evident that something more than merely the existence of criminal charges must be demonstrated to obtain a TOP [temporary order of protection]" (People v Anelson, 85 Misc 3d 1285(A) [Kings Cnty. Crim Ct 2025]). If the Legislature wanted courts to issue orders of protection in every case involving a witness, it would have said so. But the Court will not rewrite the words of the statute in such a broad fashion absent amendments from the Legislature or guidance from the appellate courts. And of course, the Legislature has already passed numerous other laws to generally protect witnesses to ensure their safety and testimony at trial (see, e.g., Penal Law § 215.10 (prohibiting wrongfully inducing or attempting to induce a witness from testifying); Penal Law § 215.11 (prohibiting attempting to stop a witness from testifying "by means of instilling in him a fear that the actor will cause physical injury to such person or another person")).
Thus, after reviewing the statutes passed by the Legislature and the particular facts of this case, the Court finds that a temporary order of protection is not appropriate.

CONCLUSION
For the reasons set forth above, the People's request for a temporary order of protection is denied.
This constitutes the decision and order of the court.
Dated: December 15, 2025
ENTER:
Hon. Philip N. Pilmar 
Judge, Criminal Court

Footnotes

Footnote 1:The Court believes that considering the factors in § 530.12 is necessary not only because the two statutes are companions, but because the Legislature certainly did not intend to impose a more stringent standard for issuing orders of protection involving allegations of domestic violence than for other offenses, including shoplifting.