People v Dickey (2026 NY Slip Op 00523)

People v Dickey

2026 NY Slip Op 00523

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2023-04758
 (Ind. No. 183/22)

[*1]The People of the State of New York, respondent,
vTevon Dickey, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 17, 2023, convicting him of assault in the second degree and criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review three orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the three orders of protection as directed that they remain in effect until and including April 17, 2044, are vacated, on the law, and the matter is remitted to the County Court, Orange County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255).
The defendant's contention that three orders of protection issued at the time of sentencing should be vacated because the County Court failed to articulate on the record its reasons for issuing the orders of protection, as required by CPL 530.13(4), is unpreserved for appellate review, as the defendant failed to raise this issue at sentencing or move to amend the orders of protection on this ground (see id. § 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). The defendant's contention that two of these orders of protection were improperly issued is also unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d at 316-317). Under the circumstances, we decline to exercise our interest of justice jurisdiction to review these contentions (see People v Beaubrun, 234 AD3d 869, 870; People v Funderburk, 208 AD3d 1250; People v Gonzalez, 207 AD3d 656, 657).
Although the defendant did not object to the duration of the orders of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the County Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings (see People v Daniel, 233 AD3d 704, 705; People v Gonzalez, 207 AD3d at 657). Thus, the rule of preservation does not apply (see People v Williams, 235 AD3d 1017, 1017; People v Newman, 234 AD3d 877, 878). The duration of the orders of protection issued at the time of sentencing exceeded the maximum time limit set forth in CPL 530.13(4), since they did not take into account the defendant's jail-time credit (see People v Velasquez, 239 AD3d 1004, 1005; People v Khedr, 234 AD3d 991). Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including April 17, 2044, and remit the matter to the County Court, Orange County, for a new determination of the duration of the orders of protection (see People v Newman, 234 AD3d at 878; People v Gonzalez, 207 AD3d at 658).
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court