People v Espinosa

2026 NY Slip Op 02283

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Manuel Espinosa, appellant. (S.C.I. No. 4538/19)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2019-10860

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

James P. McCormack, JJ.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Evan A. Esswein of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Rodriguez, J., at plea; Quynda L. Santacroce, J., at sentence), rendered August 20, 2019, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

ORDERED that upon the appeal from the judgment, so much of the order of protection issued at the time of sentencing as was in favor of Angel Rivera is vacated, as a matter of discretion in the interest of justice; and it is further,

ORDERED that the judgment is affirmed.

The defendant's contention that the Supreme Court improperly issued an order of protection in favor of Angel Rivera is unpreserved for appellate review, since the defendant failed to object to that portion of the order of protection at sentencing or otherwise raise the issue before the court (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Gilyard, 237 AD3d 1223; People v Fletcher, 220 AD3d 805). As the defendant correctly contends, the court had no authority to issue an order of protection in favor of that individual, as he was neither a victim nor a witness to the particular crime to which the defendant entered a plea of guilty (see CPL 530.13[4]; People v Gaffar, 243 AD3d 586, 587; People v Gilyard, 237 AD3d at 1223).

Accordingly, we vacate so much of the order of protection as was issued in favor of Angel Rivera at the time of sentencing.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court