People v Velez
2026 NY Slip Op 03690
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Joseph Velez, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-02381, (Ind. No. 73608/23)
Francesca E. Connolly, J.P.
Paul Wooten
Janice A. Taylor
Lisa A. Ottley, JJ.

Patricia Pazner, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Melissa Owen, and Kaley Hanenkrat of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered March 7, 2024, convicting him of criminal possession of a controlled substance in the fifth degree and attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
The defendant's contentions regarding the duration of an order of protection issued at the time of sentencing survive his valid appeal waiver (see People v Patterson, 243 AD3d 810, 811; People v Ramos, 164 AD3d 922, 923). However, the defendant's contentions are unpreserved for appellate review, as the defendant did not challenge the duration of the order of protection at sentencing or move to amend the order of protection at any time thereafter (see People v Nieves, 2 NY3d 310, 316-317; People v Holmes, 206 AD3d 761, 762). Under the circumstances, we decline to reach the defendant's contentions in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Argudo, 232 AD3d 907, 907-908).
CONNOLLY, J.P., WOOTEN, TAYLOR and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court